Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Figueroa Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
BACKGRID USA, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., <br> *Plaintiff*, <br> v. <br> ROLYN STUDIO LLC, <br> *Defendant*. | Case No.: 2:24-cv-8563 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> *Jury Trial Demanded* |

Plaintiff BackGrid USA, Inc. alleges as follows:

## JURISDICTION

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

### *Plaintiff BackGrid*

2. Plaintiff BackGrid is an entity organized and existing under the laws of the State of California with its principal place of business in Redondo Beach, California.

3. BackGrid is a global premier celebrity news and photo agency that provides the world's news outlets with real-time content from the top photographers.

BackGrid also maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

4. BackGrid licenses its photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

5. BackGrid conducts business as a syndicator of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

### *Defendant*

6. Defendant Rolyn Studio is a limited liability company currently organized under the laws of the State of Texas, with its registered office in Carrollton, Texas.

7. Rolyn Studio is a fashion and apparel company that sells high-end activewear under the brand name Nylora.

8. On information and belief, Rolyn Studio owns, operates, or is responsible for the content of the Instagram social media account @nylora_studio.

9. On information and belief, Rolyn Studio has the right to control, or is ultimately responsible for, the content on the Instagram social media account @nylora_kr.

### *Personal Jurisdiction and Venue*

10. This Court has personal jurisdiction over Rolyn Studio because it has engaged in conduct with or in California, has contacts with California, and the claims arise out of those contacts.

11. Specifically, at the time of the infringements alleged in this Complaint, defendant was a California corporation with its principal location in this judicial district, until it re-organized in Texas in 2022.

12. On information and belief, defendant continues to advertise and sell its products to California consumers directly and through retail establishments in California with which defendant has contractual relationships.

13. On information and belief, defendant targets online sales and advertising—including its posts on Instagram—to Los Angeles specifically because of its prominence in the fashion industry and the readily available market of persons in Los Angeles—a national hub for health and fitness-minded people—who would be interested in defendant's activewear apparel.

14. This claim arises out of defendant's contacts with California because, on information and belief, the infringing Instagram posts were created to advertise the company's apparel and promote their brand. The target audience of these ads includes California residents.

15. Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

16. BackGrid is the owner and copyright holder of two photographic images (the "Images") as follows:

    a. Image 1 depicts model and actress Olivia Culio wearing Nylora-branded apparel. Image 1 was registered with the U.S. Copyright Office as Reg. No. VA 2-280-142 (eff. Dec. 23, 2021).

    b. Image 2 also depicts Ms. Culio wearing Nylora-branded apparel. Image 2 was registered with the U.S. Copyright Office as Reg. No. VA 2-277-2021 (eff. Nov. 29, 2021).

17. BackGrid never licensed the Images to defendant. Nevertheless, defendant used the Images without authorization or permission to do so.

18. Specifically, on information and belief, defendant, its agents, or other persons acting under defendant's control or direction, copied the Images from Internet sources—potentially including legitimate licensees of BackGrid—stored the

Images on its servers, and displayed the Images on its social media accounts @nylora_studio or @nylora_kr on Instagram, using them to promote its products.

19. The Images are creative, distinctive, and—as evidenced by defendant's use and misappropriation of them—valuable. Because of the Images' quality, visual appeal, and celebrity subject matter, BackGrid stood to gain revenue from licensing them.

20. BackGrid marketed and licensed some of the Images on an as Exclusive photographs. "Exclusive" means the photographs are available only from the single photo agency (directly or through agents) because no other photographers captured the celebrity or event. Exclusive photographs are more valuable and are licensed for a higher fee, sometimes significantly higher (such as $10,000 to $50,000 or more, and higher if the licensee wants a period of exclusivity where no other licensee can display the photographs).

21. Image 1 was marketed as Exclusive.

22. Defendant's unauthorized use of the Images harmed the existing and future market for the Images. Defendant's posts made the Images immediately available to its followers and to the public, including consumers of entertainment and fashion news—and especially news and images of the celebrity subjects of the Images—who would otherwise be interested in viewing licensed versions of the Images in the magazines, newspapers, and online publications that are BackGrid's customers.

23. Defendant's unauthorized use of the Images also harms BackGrid's business model by driving down the prices for legitimately licensed celebrity images and driving away BackGrid's actual and potential customers. BackGrid's customers—among them, media companies who compete with defendant and, unlike defendant, pay large license fees for celebrity visual content—are less likely to purchase licenses, or pay as much for a license, when the same visual content will be widely distributed simultaneously on the websites of their competitors.

24. In addition, defendant's unauthorized uses of the Images are commercial in nature. Defendant uses in-demand content about popular celebrities to promote its products.

25. Indeed, on information and belief, defendant specifically posted the Images on Instagram to increase sales of its products. On information and belief, defendant knew that because of the Images' depictions of popular celebrities, users would be attracted to view the Images and thus more likely to buy the products that those celebrities were wearing.

26. As a company in the fashion industry, defendant operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, defendant was aware of the importance of copyright protection and knew that it needed to have but did not have permission to use the Images, and/or it acted recklessly by posting the Images without determining the right to do so.

## CLAIM ONE

### (For Copyright Infringement, 17 U.S.C. § 501)

27. All prior paragraphs are incorporated into this claim.

28. Plaintiff is the authors and or/copyright owners of the protected Images named above in this Complaint.

29. Defendant has reproduced, displayed, or otherwise copied the Images without plaintiff's authorization or license.

30. The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

31. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

32. Plaintiff suffered damages as a result of defendant's unauthorized use of the Images.

33. Having timely registered its copyright in the Images, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered.

34. Plaintiff alleges, on information and belief, that that defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

35. In the alternative, plaintiff is entitled to recovery of their actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

36. Within the time permitted by law, plaintiff will make their election between actual damages and profit disgorgement, or statutory damages.

37. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## CLAIM TWO

### (For Vicarious and/or Contributory Copyright Infringement)

38. All prior paragraphs are incorporated into this claim.

39. If defendant is not liable as direct infringer of the Images, it is secondarily liable for the infringements directly committed by individual employee, contractor, or other infringers presently unknown (the "Direct Infringers").

40. Defendant contributed to, induced, or assisted infringements by the Direct Infringers. Those Direct Infringers infringed while acting under defendant's direction and control and/or using technology, facilities, and support services provided by defendant.

41. Defendant had, or should have had, knowledge of the infringements of the Direct Infringers. Further, defendant had the right and ability to supervise the infringing activity of the Direct Infringers because the infringements occurred on its Instagram accounts.

42. Defendant obtained some financial benefit from the infringement of plaintiff's rights in the Images because defendant has monetized its Instagram accounts, because the Images were a draw for viewers regardless of the revenue received from any specific use, and because the posts advertised and promoted defendant's products. Accordingly, defendant had an incentive to permit and even encourage infringement by the Direct Infringers.

43. As a direct and proximate result of said acts of secondary infringement, plaintiff has suffered substantial damages in an amount to be proven at trial.

44. Plaintiff is entitled to actual damages and disgorgement of direct and indirect profits realized by defendant in an amount to be proven at trial or, at its election, statutory damages.

45. Within the time permitted by law, plaintiff will make their election between actual damages and profit disgorgement, or statutory damages.

46. Plaintiffs are also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying or displaying the Images;

B. For an order requiring defendant to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Images used in violation of plaintiffs' copyrights—including digital copies or any

other means by which they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

      D.    For actual damages and all profits derived from the unauthorized use of the Images or, where applicable and at plaintiff's election, statutory damages;

      E.    For an award of pre-judgment interest as allowed by law;

      F.    For reasonable attorney fees;

      G.    For court costs, expert witness fees, and all other costs authorized under law;

      H.    For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: October 4, 2024      Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
      Peter E. Perkowski

Attorneys for Plaintiff
BACKGRID USA, INC.